IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY CROCKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:20-cv-00322 |
| DCSO MEDICAL DEPARTMENT, | ) JUDGE RICHARDSON |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed by Corey Crockett, an inmate in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee. Plaintiff has also filed an application to proceed in forma pauperis (IFP). (Doc. No. 2.) The case is now before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of

the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. *Id.* § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## **INITIAL REVIEW OF THE COMPLAINT**

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill*

*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III. ALLEGATIONS AND CLAIMS

Plaintiff claims that his rights under the Health Insurance Portability and Accountability Act (HIPAA) were violated when, on two occasions in March 2020, "medical came to my door inside the pod with inmates in cells around us and they disclosed the contents and issues of my sick call while other inmates were able to listen in on the diagnosis and what I was being prescribed." (Doc. No. 1 at 6–7.) When Plaintiff asked why these discussions were not being had in triage, he was told that other inmates were being seen in triage. (*Id.* at 7.) He states that such HIPAA violations have occurred numerous times since he has been incarcerated at the DCSO Maximum Correctional Center. (*Id.*) As relief, Plaintiff seeks an award of "emotional damages [in] the sum of $100,000." (*Id.*)

IV. ANALYSIS

As an initial matter, the DCSO Medical Department is not a proper defendant under Section 1983, which creates a cause of action against "[e]very person" who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. "For purposes of § 1983, 'person' includes individuals and 'bodies politic and corporate,'" and "[a] prison's medical department is not an entity with a corporate or political existence." *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355–56 (6th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978)). Thus, "the Medical Department of the Davidson County Jail is not a 'person' under § 1983, and the plaintiff's claims against it fail as a matter of law." *Foote v. Med. Dep't, Davidson Cnty. Jail*, No. 3:10-mc-00099, 2010 WL 3489033, at *1 (M.D. Tenn. Sept. 2, 2010).

Even if Plaintiff had named a proper defendant, his allegation that DCSO Medical Department staff members violated his right to confidentiality under HIPAA does not state a viable

4

claim under Section 1983. As Plaintiff has previously been informed, "[c]ourts have repeatedly held that HIPAA does not create a private right" and "cannot be privately enforced . . . via § 1983." *Crockett v. Core Civic*, No. 3:17-cv-00746, 2017 WL 3888352, at *4 (M.D. Tenn. Sept. 5, 2017) (quoting *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 138–39 (8th Cir. 2009) (collecting cases)); *see also Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information.").

Finally, this case is subject to dismissal because of the bar of 42 U.S.C. § 1997e(e), which precludes federal actions "brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]" § 1997e(e).

## **CONCLUSION**

For the reasons set forth above, the Court finds that the complaint fails to state a claim upon which relief may be granted. This case is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE